IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LEROY J. KELLY,

    Petitioner,

v.                                          Civil Action No. 3:19CV212

VIRGINIA DEPT. OF CORR,

    Respondent.

**CORRECTED MEMORANDUM OPINION ENTERED ON MARCH 9, 2020**

Leroy J. Kelly, a Virginia state prisoner proceeding pro se, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his convictions in the Circuit Court for the County of Stafford, Virginia (hereinafter, "Circuit Court") for robbery and use of a firearm in the commission of a robbery. The matter is before the Court on a review of the MOTION TO DISMISS AND RULE 5 ANSWER ("Motion to Dismiss," ECF No. 11) filed by Respondent. For the reasons that follow, the § 2254 Petition will be denied and the action will be dismissed.

### I.    PROCEDURAL HISTORY

#### A.    Stafford County Proceedings

On August 3, 1998, Kelly was charged in the Circuit Court with robbery, use of a firearm during the commission of a robbery, possession of a firearm after having been convicted of a felony, and shooting into an occupied building. Kelly v. Dep't of Corr., No. 3:15CV243, 2016 WL 4702476, *3 (E.D. Va. Sept. 6, 2016)

(citations omitted). On May 22, 2000, the Circuit Court arraigned Kelly on his then pending state charges. See id. at *3-4 (citation omitted). Kelly initially pled not guilty and requested a bench trial, but, on the day of trial, Kelly agreed to plead guilty to robbery and to use of a firearm in the commission of the robbery in exchange for the prosecution's agreement to dismiss the remaining charges. See id. Kelly attempted to withdraw his guilty plea several times thereafter. See id. at *4-5. However, the Circuit Court refused to permit Kelly to withdraw his guilty plea and sentenced him to an active prison term of ten years. Id. at *5 (citation omitted).

Kelly did not appeal. See id. at *6-7.

**B. First Habeas Proceeding In This Court**

In 2015, Kelly filed, in this Court, his first § 2254 petition challenging the Stafford County convictions. See id. at *1. In that petition, Kelly raised a number of claims including challenges to his guilty plea and ineffective assistance of counsel. By Memorandum Opinion and Order entered September 6, 2016, the first § 2254 petition was granted in part, and denied in part. See id. *1-7. The Court granted relief on the claim that counsel had failed to file a direct appeal and therefore Kelly was allowed a delayed appeal of the Stafford County convictions to the Court of Appeals of Virginia. Id. at *7. All of his other claims including

2

the attempts to challenge the convictions and challenges to his guilty pleas. Id.

### C. Belated Appeal Proceedings In The Virginia Courts

The Court of Appeals of Virginia, on September 21, 2016, granted Kelly a belated appeal of the Stafford County convictions (see Part I.A above). The Court of Appeals of Virginia also appointed counsel to represent Kelly on that belated appeal. See Kelly v. Virginia Dept. of Corr., No. 3:16CV932, 2018 WL 1277742, at *2 (E.D. Va. Mar. 12, 2018) (citation omitted). In the belated Petition for Appeal, Kelly argued that the Circuit Court had erred when it denied his motion to withdraw his guilty plea. See id. (citation omitted). On May 5, 2017, the Court of Appeals of Virginia denied Kelly's petition for appeal. See id. (citation omitted). On May 8, 2017, Kelly noted an appeal to the Supreme Court of Virginia. See id. (citation omitted). However, as discussed below, counsel for Kelly did not file a petition for appeal and thus, no appeal was pursued in the Supreme Court of Virginia.

### D. Second Habeas Petition In This Court

While the belated appeal was pending in the Court of Appeals of Virginia, this Court received, on November 23, 2016, a second § 2254 Petition from Kelly challenging the same Stafford County convictions that were the subject of the first habeas petition in

3

this Court. By Memorandum Order entered on February 9, 2017, the Court explained:

> Kelly's second § 2254 Petition is terse and makes little sense. However, the Court gleans from the petition that Kelly's underlying intent is to attack the validity of his guilty pleas and his convictions and asks the Court to vacate his state convictions. (ECF No. 2, at 4-6.) These claims are clearly successive and unauthorized. Because Kelly has not obtained authorization from the United States Court of Appeals for the Fourth Circuit to file a successive § 2254 petition, this Court lacks jurisdiction to entertain this portion of the § 2254 petition.
> Kelly also vaguely argues that because of delay he will be unable to have a fair belated appeal in the Court of Appeals of Virginia. (ECF No. 2, at 2-3.) To the extent that Kelly is not challenging his underlying conviction or sentence but a defect in his belated appeal, that claim may not be successive. The United States Court of Appeals for the Fourth Circuit has explained:
>> If a habeas petition (state or federal) files an application for collateral relief that raises a successful appeal claim and additional claims, any subsequent petition will be considered "second or successive" if (a) the district court ruled on the merits of the additional claims in the initial petition, and (b) the petitioner seeks to raise those claims again in the subsequent petition. In such a case, "the district court should afford the applicant an opportunity to elect between deleting the improper claims or having the entire motion treated as a successive application."
> In re Williams, 444 F.3d 233, 236 (4th Cir. 2006 (quoting United States v. Winestock, 340 F.3d 200, 207 (4th Cir 2003)).
> Accordingly, within eleven (11) days of the date of entry hereof, Kelly is directed to notify the Court whether he would like to "delet[e] the improper claims or hav[e] the entire motion treated as a successive application." Id.

Id. at *2 (citation omitted) (alteration in original).

4

Thereafter, Kelly advised that he wanted to delete the improper claims and, on April 10, 2017, Kelly submitted a revised second § 2254 petition that excluded the improper claims. See id. (citation omitted). Respondent moved to dismiss on the ground that Kelly's claims were procedurally defaulted and barred from review in federal habeas and, in the alternative, lacked merit. See id. at *3.

By Memorandum Order entered on February 12, 2018, the Court directed Kelly to show good cause for his failure to exhaust his state court remedies. Id. at *1. Kelly filed a response, in which he admitted that he had "not presented [his] particular claim(s) to the state." Id. at *4. Kelly, however, failed to show good cause to excuse the exhaustion requirement, and, by Memorandum Opinion entered on March 12, 2018, the Court dismissed without prejudice, the second § 2254 petition without prejudice for lack of exhaustion. Id. at *5.

**E.   Habeas Petition in the Supreme Court of Virginia**

Thereafter, on March 19, 2018, Kelly filed a petition for writ of habeas corpus in the Supreme Court of Virginia. (ECF No. 13-1, at 1.) In that habeas petition, Kelly listed his claims as follows:[1]

---

[1] The Court corrects the punctuation and capitalization and omits the emphasis in the quotations from Kelly's submissions. The Court employs the pagination assigned by the CM/ECF docketing system for citations to Kelly's documents.

    a.   Ineffective assistance of counsel: Attorney abandonment; failure to investigate clients claim(s); failed to timely file appeal which led to due process violation of Petitioner's right; coercion/promise by attorney of a different outcome, to plea[d] guilty.

    b.   Due process violation for inordinate delay: 17[] years before appellate rights reinstated, cause of prejudice to Petitioner of speedy appeal procedure. . . .

(ECF No. 13-1, at 6.) In the memorandum that accompanied his habeas petition in the Supreme Court of Virginia, Kelly said things quite differently. He stated:

> "Claim #1: Ineffective assistance of trial counsel."

(Id. at 12.)

> "Claim #2: Conduct of attorney attributable to the state."

(Id. at 14.)

> "Claim #3: Was there a plausible alternative strategy other than pleading guilty."

(Id. at 15.)

> "Claim #4: The state of Virginia unconstitutionally deprived defendant of his liberty."

(Id. at 16.)

> "Claim #5: Attorney failed to investigate any circumstances surrounding Petitioner's confession."

(Id. at 18.)

> "Claim #6: The state of Virginia's precedence of withdrawal of guilty pleas."

(Id. at 21.)[2]

---

[2] On March 29, 2018, Kelly filed a supplemental memorandum in support of the petition pending in the Supreme Court of Virginia, he alleged a violation of the Fifth Amendment asserting that he should have received immunity in the state for his statements made in federal briefings. (ECF No. 13-1, at 34.) The Supreme Court of Virginia refused to consider that claim because it was not presented in his habeas petition and he failed to request or receive leave to amend. (ECF No. 13-3, at 2 n.*.)

6

On February 12, 2019, the Supreme Court of Virginia of Virginia combined both sets of claims in its analysis, determined that Kelly was entitled to no relief, and dismissed Kelly's habeas petition. (ECF No. 13-3, at 1-6.)

**F. Third Habeas Proceeding In This Court**

In his third, and current § 2254 Petition, Kelly argues entitlement to relief based upon the following claims:

Claim One: "Does an excessive delay in direct appeal entitle[] Petitioner to due process violation? And is that violation specific or broadly to an excessive claim?" (§ 2254 Pet. 5.)

Claim Two: "Because ineffective assistance of counsel claims must be raised in an initial review collateral proceeding in VA., did the VA. Supreme Court rule 'contrary to' U.S. S. Ct. preceden[t]." (Id. at 7.)

Claim Three: "Does an appellate attorney's errors warrant cause to excuse a procedural default? If so, does due process require[] an 'adequate and effective' appeal?" (Id. at 8.)

Claim Four: "Does federal law require the state circuit judge to recuse themselves in any proceeding in which his/her impartiality might reasonably be questioned?" (Id. at 10.)[3]

---

[3] On April 19, 2019, Kelly filed a SUPPLEMENTAL REQUEST FOR RELIEF wherein he attempted to tack on a fifth claim in an improper manner. (ECF No. 37.) By Memorandum Order entered on May 23, 2012, the Court explained as follows: "The Court will take no further action on this Supplemental Request. To the extent that Petitioner wishes to add additional claims to his § 2254 Petition, he must submit a new standardized form for filing a § 2254 petition that contains all of the claims he wishes to raise.[] Any new § 2254 petition will SUPPLANT any previously filed petition or supplement." (ECF No. 5, at 1.) Kelly never filed a new § 2254 petition and therefore his new claim is not before this Court.

7

Respondent moves to dismiss the third § 2254 Petition on the grounds that: (1) Claim One lacks merit because Kelly was not prejudiced by any delay in his appeal; (2) Claim Two is not cognizable in federal habeas review because it only challenges an error in his state post-conviction proceedings, and (3) Claims Three and Four are barred from review here because Kelly failed to raise these claims in his state habeas petition in the Supreme Court of Virginia. (Br. Supp. Mot. Dismiss 10-12, ECF No. 13.)

Three of Kelly's claims (Claims Two, Three and Four) simply are not cognizable in this Court. They will be addressed first. Then, Claim One will be considered on its merits.

## II. CLAIM NOT COGNIZABLE IN FEDERAL HABEAS

In Claim Two, Kelly says that the issue is that: "Because ineffective assistance of counsel claims must be raised in an initial review collateral proceeding in VA., did the VA. Supreme Court rule 'contrary to' U.S. S. Ct. preceden[t]." (§ 2254 Pet. 7.) Kelly faults the Supreme Court of Virginia for finding that his ineffective assistance of counsel claims were available to him before the filing of his first state habeas petition, and therefore, were barred from review. (ECF No. 1-1, at 6-7.) As explained below, this claim is not cognizable in federal habeas review.

To obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a). Thus, "claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief," Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988) (citations omitted), because the habeas petitioner's detention results from the underlying state conviction, not from the state post-conviction collateral proceeding. Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir. 2008) ("[E]ven where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself." (citing Bryant, 848 F.2d at 493; Bel-Bey v. Roper, 499 F.3d 752, 756 (8th Cir. 2007); United States v. Dago, 441 F.3d 1238, 1248 (10th Cir. 2006))). Claim Two raises an alleged error in his post-conviction proceedings, and, such a claim is not cognizable in federal habeas review. Accordingly, Claim Two will be dismissed.

### III. EXHAUSTION AND PROCEDURAL DEFAULT

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the

remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Exhaustion has two aspects. First, a petitioner must use all available state remedies before he can apply for federal habeas relief. See O'Sullivan v. Boerckel, 526 U.S. 838, 844-48 (1999). A habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quoting Duncan v. Henry, 513 U.S. 364, 365-66 (1995)). Fair presentation demands that "both the operative facts and the controlling legal principles" must be presented to the state court. Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (quoting Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. Mallory v. Smith, 27 F.3d 991, 994-95

10

(4th Cir. 1994). The United States Court of Appeals for the Fourth Circuit summed up a petitioner's burden in this regard as follows:

> [T]he exhaustion requirement demands that the petitioner "do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick."

Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994) (quoting Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988)).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that, "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." Id. (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally

11

barred.'" Id. (quoting Coleman, 501 U.S. at 735 n. 1).[4] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. Jones v. Sussex I State Prison, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court cannot review the merits of a defaulted claim. See Harris v. Reed, 489 U.S. 255, 262 (1989).

In Virginia, to exhaust state remedies, a "petitioner must present the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." Sparrow v. Dir., Dep't of Corr., 439 F. Supp. 2d 584, 587 (E.D. Va. 2006); see also Va. Code Ann. § 8.01-654(A)(1) (West 2018). "Whichever route the inmate chooses to follow, it is clear that [the inmate] ultimately must present his [federal habeas] claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them." Banks v. Johnson, No. 3:07CV746-HEH, 2008 WL 2566954, at *2 (E.D. Va. June 26, 2008) (second alteration added) (quoting Graham v. Ray,

---

[4] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." Hedrick v. True, 443 F.3d 342, 364 (4th Cir. 2006) (citing Gray v. Netherland, 518 U.S. 152, 161-62 (1996)).

12

No. 7:05CV00265, 2005 WL 1035496, at *2 (W.D. Va. May 3, 2005)); see also Sparrow, 439 F. Supp. 2d at 587.

Kelly did not raise in the Supreme Court of Virginia claims Three or Four. In his state habeas petition, Kelly only raised claims alleging ineffective assistance of trial counsel. See supra Part I.F. In Claim Three, culled to its essence, Kelly faults the attorney, Martha Norton, who represented him in his belated appeal for failing to include a list of claims Kelly wanted her to pursue in his appellate brief. (ECF No. 1-1, 9-10.) In his REBUTTAL TO DISMISS RESPONDENT'S MOTION TO DISMISS ("Rebuttal," ECF No. 15), Kelly claims that he presented Claim Three "to the Virginia Supreme Court in the form of an Affidavit, by Petitioner. (June 20, 2018)." (Id. at 4.) Kelly did not raise this claim squarely in his state habeas petition, and the Supreme Court of Virginia did not rule on this claim, and therefore, Kelly did not fairly present this claim to the Supreme Court of Virginia. See Banks, 2008 WL 2566954, at *2; Mallory, 27 F.3d at 995 (explaining that the "ground must be presented face-up and squarely" for fair presentation). Thus, Claim Three is simultaneously unexhausted and defaulted. If Kelly attempted to raise Claim Three in the Supreme Court of Virginia, that Court would find it procedurally defaulted and time-barred pursuant to Section 8.01-654(A)(2) and 8.01-654(B)(2) of the Virginia Code. Both Virginia's statute of limitations for habeas actions and successive petition bars are

13

adequate and independent procedural rules when so applied. See George v. Angelone, 100 F.3d 353, 363-64 (4th Cir. 1996); Sparrow, 439 F. Supp. 2d at 587-88. Kelly fails to demonstrate any cause or prejudice, and accordingly, Claim Three is barred from review here.

In Claim Four, Kelly argues that the Circuit Court judge who presided over the Stafford County proceedings was not impartial and should have been recused. (§ 2254 Pet. 10.) Again, Kelly did not present this claim to the Supreme Court of Virginia, and it too is simultaneously unexhausted and defaulted. If Kelly attempted to raise Claim Four in the Supreme Court of Virginia, that Court would find it procedurally defaulted and time-barred pursuant to Section 8.01-654(A)(2) and 8.01-654(B)(2) of the Virginia Code and barred by the rule in Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974) because Kelly could have raised, but failed to raise, this claim at trial and on direct appeal. Slayton also constitutes an adequate and independent state procedural rule when so applied. See Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). In his Rebuttal, Kelly argues that he lacked access to a complete copy of his state court records. (ECF No. 15, at 7-8.) Kelly fails adequately to explain why incomplete records would have prevented him from raising this claim before the Supreme Court

14

of Virginia. And, Kelly has failed to establish cause for the default or prejudice, thus Claim Four is barred from review here.[5]

## IV. MERITS REVIEW OF REMAINING CLAIM

Of his four claims raised in his § 2254 Petition, Claim One is the only claim that Kelly properly raised in the state courts. Thus, the Court may review Claim One on its merits. As discussed below, Kelly fails to establish any error in the Supreme Court of Virginia's conclusion that Claim One lacks merit.

### A. Applicable Constraints Upon Habeas Review

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." Gray v. Branker, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)).

---

[5] Martinez v. Ryan, 566 U.S. 1 (2012), and Trevino v. Thaler, 569 U.S. 413 (2013), fail to establish cause for the procedural default of this claim.

Although Kelly had no counsel at his "initial-review collateral proceeding," Martinez, 566 U.S. at 16, that fails to excuse his default. To the extent that Kelly faults appellate counsel for failing to raise this claim in his direct appeal, the explicit language of Martinez applies to an inmate's default of a claim of ineffective assistance of trial counsel only. See Gaither v. Zook, No. 16CV64, 2017 WL 562419, at *4 (E.D. Va. Jan. 18, 2017) (citations omitted). Thus, the ineffective assistance of appellate counsel fails to serve as the cause for the default of this claim.

15

Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007) (citing Williams v. Taylor, 529 U.S. 362, 410 (2000)).

### B. Claim One Lacks Merit

In Claim One, Kelly asks: "Does an excessive delay in direct appeal entitle[] Petitioner to due process violation? And is that violation specific or broadly to an excessive claim?" (§ 2254 Pet. 5.) It is not entirely clear what Kelly intends to argue in Claim One. He contends that the "the right in appealing the claim some 16-17 years previous, has been excessively unreasonable." (ECF No. 1-1, at 5.) However, Kelly does not identify "the claim" that he wished to appeal, and from his submissions, it does not

16

appear that Kelly truly has an underlying claim that he believes was prejudiced by the delay. Instead, Kelly seemingly argues that the delay in the appeal process standing alone caused him prejudice. Kelly states that "now, 19 years later . . . it is extremely clear that any meaningful appeal at this state, would be meaningless. Therefore, discharge is the appropriate remedy under this constitutional violation." (Id. at 6.)

The Supreme Court of Virginia reviewed this claim and rejected it on the merits, explaining that:

> In a portion of claim (b) and in claim (2), petitioner contends the delay in pursuing an appeal to the Court of Appeals of Virginia deprived petitioner of due process.
> The Court holds this portion of claim (b) and (2) are without merit. The Fourth Circuit has held that "undue delay in processing an appeal may rise to the level of a due process violation." United States v. Hood, 556 F.3d 226, 237 (4th Cir. 2009). Assuming the delay between petitioner's conviction and his appeal to the Court of Appeals, instigated by his attorney's failure to timely file a notice of appeal, could potentially rise to the level of a due process violation, petitioner has failed to demonstrate he is entitled to relief. The record, including the May 5, 2017 per curiam order of the Court of Appeals of Virginia, demonstrates petitioner received a belated appeal and the Court of Appeals denied his petition for appeal on the merits. "[W]here, as here, the appeal has been heard and found lacking in merit there is not any sound reason to order defendant's release." United States v. Johnson, 732 F.2d 379, 382-83 (4th Cir. 1984). Consistent with the Fourth Circuit's approach, other federal circuit courts require a showing that the delay in processing the appeal resulted in prejudice. See United States v. Antoine, 906 F.2d 1379, 1382 (9th Cir. 1990) ("If his conviction is proper, there has been no oppressive confinement: he has merely been serving his sentence as mandated by law."); see also Muwwakkil v. Hoke, 968 F.2d 284, 285

> (2d Cir. 1992) (federal habeas relief unavailable because petitioner "produced no evidence that prompt disposition of his appeal would have yielded a different outcome"); Mathis v. Hood, 937 F.2d 790, 794 (2d Cir. 1991) ("[S]ome showing of prejudice to the appeal is necessary for habeas relief.")

(ECF No. 13-3, at 2-3 (alteration in original).) The Court discerns no unreasonable application of the law and no unreasonable determination of the facts because Kelly demonstrates no prejudice from the delay. See 28 U.S.C. § 2254(d)(1)-(2).

Kelly was provided an opportunity to file a belated appeal, and in that appeal, Kelly argued that the Circuit Court had erred in denying his motion to withdraw his guilty plea. The Court of Appeals of Virginia rejected his claim on the merits in a thorough decision. See Kelly v. Commmonwealth, No. 1715-16-14, at 1-6 (Va. Ct. App. May 5, 2017). Kelly fails to demonstrate any prejudice to the appeal despite the delay.[6] Thus, Kelly fails to establish any error in the Supreme Court of Virginia's conclusion that his claim lacks merit. Accordingly, Claim One will be dismissed.

---

[6] In his Rebuttal, Kelly indicates that he personally was prejudiced, but that is not the relevant inquiry. Kelly contends that the delay "continue[s] to have a detrimental [e]ffect on [his] rehabilitation. His security level has remained High throughout his incarceration because of the "hold" which the State has on Petitioner's custody level. Which prevents him from pursuing a lower custody level to enable him to participate in programming . . . ." (Rebuttal 3.) Kelly next contends that this delay in his appeal has caused him anxiety and stress. (Id.) Neither of these arguments address how the delay in processing Kelly's appeal resulted in prejudice to that appeal.

## V. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 11) will be granted. Kelly's § 2254 Petition will be denied and his claims dismissed. A certificate of appealabilty will be denied.

The Clerk is directed to send a copy of Memorandum Opinion to Kelly and counsel of record.

It is so ORDERED.

/s/           
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: September 30, 2020